**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4721**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

ALFREDO MONTESINOS TORRES,

             Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:06-cr-00408)

---

Submitted:  February 21, 2008      Decided:  February 25, 2008

---

Before MOTZ and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfredo Montesinos Torres appeals his sentence after pleading guilty to one count of making a false statement in a passport application, in violation of 18 U.S.C.A. § 1542 (West Supp. 2007), and one count of aggravated identity theft during and in relation to the false passport statement, in violation of 18 U.S.C.A. § 1028A(a)(1) (West Supp. 2007). Counsel filed an Anders v. California, 386 U.S. 738 (1967) brief and raised the issue of whether Torres' sentence was erroneous. Torres was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a reply brief. Finding no error, we affirm.

As recently determined by the Supreme Court, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 597 (2007). Appellate courts remain charged with reviewing sentences for reasonableness. Id. at 594, 597. Reasonableness review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 597.

In determining whether a sentence is procedurally reasonable, this court first assesses whether the district court properly calculated the defendant's advisory Guidelines range. Id.

at 596-97.  This court must then consider whether the district court failed to consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) factors, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence.  Id. at 597; United States v. Pauley, 511 F.3d 468, 2007 WL 4555520, *5 (4th Cir. Dec. 28, 2007).  Finally, this court reviews the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  Pauley, 2007 WL 4555520, *5 (quoting Gall, 128 S. Ct. at 597).  This court affords sentences that fall within the properly calculated Guidelines range a presumption of reasonableness, a presumption permitted by the Supreme Court.  Rita v. United States, 127 S. Ct. 2456, 2459, 2462 (2007).

Our review of the record reveals that the Guidelines range was properly calculated, and therefore the one-month sentence imposed by the district court on the false statement count is afforded a presumption of reasonableness.  The district court was obligated by statute to impose the consecutive 24-month sentence, pursuant to 18 U.S.C.A. § 1028A (West Supp. 2007).  After a thorough review of the record, we conclude that the district court did not abuse its discretion in imposing the twenty-five month total sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Torres' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>